IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBS CORPORATION, formerly known as VIACOM, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EATON CORPORATION, )<br>)<br>Defendant. ) | No. 07-cv-11344<br><br>Hon. Leonard B. Sand |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Eaton Corporation ("Eaton"), by and through its undersigned attorneys, in answer to the Complaint of Plaintiff CBS Corporation, f/k/a Viacom, Inc. ("Plaintiff"), states as follows:

### PARTIES

1. Eaton has insufficient information regarding the allegations contained in paragraph 1 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

2. On information and belief, Eaton admits that Westinghouse Electric Corporation operated a Distribution and Control Business Unit which manufactured and sold electrical equipment. Eaton has insufficient information regarding the remaining allegations contained in paragraph 2 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

3. Eaton admits the allegations contained in paragraph 3.

4. Eaton admits the allegations contained in paragraph 4.

314114-2-W

## JURISDICTION AND VENUE

5. Eaton does not dispute that this Court has jurisdiction over this matter.

6. Eaton denies that venue was proper in the Western District of Pennsylvania, where this action was originally brought by CBS. Now that the action has been transferred, Eaton does not dispute that venue is proper in the Southern District of New York.

## CASE BACKGROUND

7. Eaton admits that prior to August of 1993 Westinghouse owned and operated the DCBU. Eaton has insufficient information regarding the remaining allegations contained in paragraph 7 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

8. Eaton has insufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof. Answering further, Eaton states that the DCBU Agreement defined the Business of the DCBU to include the following divisions: (a) the Electrical Components Division, (b) the Construction Equipment Division, (c) Challenger (together with its subsidiaries), and (d) the International Operations Division. The DCBU Agreement speaks for itself and Eaton denies all allegations inconsistent therewith.

9. Eaton admits that on or about August 10, 1993 it executed the DCBU Agreement, pursuant to which it agreed to purchase certain assets and assume certain liabilities related to the business of the DCBU, as set forth in the Agreement. Eaton states that the terms of the DCBU Agreement speak for themselves, and Eaton denies all allegations inconsistent therewith. Eaton specifically denies that it assumed the liabilities at issue in this action. Eaton admits that it has a true and correct copy of the DCBU Agreement.

10.     Eaton states that the terms of the DCBU Agreement, including Section 3.1, speak for themselves, and Eaton denies all allegations inconsistent therewith.

11.     Eaton states that the terms of the DCBU Agreement, including Schedule 1.57, speak for themselves, and Eaton denies all allegations inconsistent therewith.

12.     Eaton states that the terms of the DCBU Agreement speak for themselves, and Eaton denies all allegations inconsistent therewith.

13.     Eaton denies the allegations contained in paragraph 13.

14.     Eaton admits that certain bills of sale were executed between Westinghouse and Eaton or Eaton affiliates on or about January 31, 1994. Eaton states that the terms of the bills of sale speak for themselves, and Eaton denies all allegations inconsistent therewith.

15.     Eaton admits that certain assumption agreements were executed between Westinghouse and Eaton or Eaton affiliates on or about January 31, 1994. Eaton states that the terms of the assumption agreements speak for themselves, and Eaton denies all allegations inconsistent therewith.

16.     Eaton has insufficient information regarding the allegations contained in paragraph 16 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

17.     Eaton admits that on or about September 30, 1998, it entered into an Amendment to DCBU Purchase Agreement. Eaton states that the terms of the Amendment speak for themselves, and Eaton denies all allegations inconsistent therewith. Eaton admits that it has a copy of the Amendment to the DCBU Agreement.

18.     Eaton states that the terms of the Amendment speak for themselves, and Eaton denies all allegations inconsistent therewith.

19.     Eaton denies the allegations contained in paragraph 19.

20.     Eaton has insufficient information regarding the allegations contained in paragraph 20 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

21.     Eaton has insufficient information regarding the allegations contained in paragraph 21 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

22.     Paragraph 22 states a legal conclusion rather than an allegation of fact and, therefore, no answer is required of Eaton. To the extent an answer is required of Eaton, it denies the allegations contained in paragraph 22.

## UNDERLYING LITIGATION

23.     Eaton admits that this dispute arises out of five underlying lawsuits. Eaton denies that all of them were product liability lawsuits. On information and belief, Eaton admits that lawsuits filed against Westinghouse Electric Corporation, et al., in the United States District Court for the District of New Jersey by (a) Stephen Silver; (b) Michael Wolfram, et al., (c) Herman Cappello, et al.; and (d) William Rossi, et al., were consolidated under case no. 1:04-cv-0081. Eaton further admits, on information and belief, that Wanda T. Potter and Troy S. Potter d/b/a Park Oak Apartments filed a lawsuit against Westinghouse Electric Corporation, et al., in the Circuit Court of Bradley County, Tennessee (case no. V-04-448). Eaton denies the remaining allegations contained in paragraph 23.

24.     On information and belief, Eaton admits that certain of the underlying lawsuits involved personal injury or property damage claims that allegedly resulted from electrical equipment. Eaton has insufficient information regarding who manufactured or sold the electrical

equipment at issue and, therefore, neither admits nor denies such allegations, but demands strict proof thereof. Eaton denies the remaining allegations contained in paragraph 24.

25. Eaton has insufficient information regarding the allegations contained in paragraph 25 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

26. Eaton has insufficient information regarding the allegations contained in paragraph 26 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

27. Eaton denies the allegations contained in paragraph 27.

## COUNT I-BREACH OF CONTRACT

28. Eaton restates and incorporates herein by reference its answers to paragraphs 1 through 27 as its answer to paragraph 28.

29. On information and belief, Eaton admits that in or around 2004 Westinghouse was sued by Stephen Silver, Michael Wolfram, et al., Herman Cappello, et al., and William Rossi, et al., in the United States District Court for the District of New Jersey. Eaton denies that the alleged injuries arose from metal clad switchgear. Eaton has insufficient information regarding the allegations contained in the second sentence of paragraph 29 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

30. Paragraph 30 states a legal conclusion rather than an allegation of fact and, therefore, no answer is required of Eaton. To the extent and answer is required, Eaton denies the allegations contained in paragraph 30.

31. Eaton admits that Viacom notified Eaton of the Silver, Wolfram, and Cappello cases and requested that Eaton indemnify Viacom. Eaton denies the remaining allegations contained in paragraph 31.

32. Eaton admits that it re-tendered to Viacom the defense of the Silver, Wolfram, and Cappello cases once it was determined that they did not fall within Eaton's indemnification obligations under the DCBU Agreement and its Amendment. Eaton denies the remaining allegations contained in paragraph 32.

33. Eaton denies the allegations contained in paragraph 33.

34. Eaton denies that it breached the DCBU Agreement or the Amendment. Eaton has insufficient information regarding the remaining allegations contained in paragraph 34 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

35. Eaton has insufficient information regarding the allegations contained in paragraph 35 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

## COUNT II-CLAIM FOR DECLARATORY RELIEF

36. Eaton restates and incorporates herein by reference its answers to paragraphs 1 through 35 as its answer to paragraph 36.

37. Eaton denies the allegations contained in paragraph 37.

38. Eaton admits that it informed CBS that it was not contractually obligated to provide indemnification to Viacom for the Silver, Wolfram, or Cappello cases. Eaton denies the remaining allegations contained in paragraph 38.

39. Eaton admits that once it retendered the Silver, Wolfram, and Cappello case to Viacom, it did not change its position with respect to its indemnification obligations. Answering further, Eaton states that after it retendered the above cases to Viacom in or around June of 2004, Viacom did not provide further information regarding the cases to Eaton, nor did it renew its request with Eaton for indemnification. Eaton denies the remaining allegations contained in paragraph 39.

40. Eaton denies the allegations contained in paragraph 40.

41. Eaton does not contest the jurisdiction of the United States District Court for the Southern District of New York to adjudicate CBS's claims. Eaton denies the remaining allegations contained in paragraph 41.

### COUNT III-BREACH OF CONTRACT

42. Eaton restates and incorporates herein by reference its answers to paragraphs 1 through 41 as its answer to paragraph 42.

43. On information and belief, Eaton admits that in or around 2004 Viacom was sued by Wanda T. and Troy S. Potter d/b/a Park Oak Apartments in the Circuit Court for Bradley County, Tennessee. Eaton denies the remaining allegations contained in paragraph 43.

44. Eaton denies the allegations contained in paragraph 44.

45. Eaton admits that Viacom notified Eaton of the 2004 Potter case and requested indemnification. Eaton denies the remaining allegations contained in paragraph 45.

46. Eaton denies the allegations contained in paragraph 46.

47. Eaton denies that it breached the DCBU Agreement or its Amendment, and further denies that the 2004 Potter case can be characterized as a "product liability case." Eaton has insufficient information regarding the remaining allegations contained in paragraph 47 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

48. Eaton has insufficient information regarding the allegations contained in paragraph 48 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

### COUNT IV-CLAIM FOR DECLARATORY RELIEF

49. Eaton restates and incorporates herein by reference its answers to paragraphs 1 through 48 as its answer to paragraph 49.

50. Eaton denies the allegations contained in paragraph 50.

51. Eaton denies the allegations contained in paragraph 51.

52. Eaton denies the allegations contained in paragraph 52.

53. Eaton has insufficient information regarding the allegations contained in paragraph 53 and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

54. Eaton denies the allegations contained in paragraph 54.

55. Eaton does not contest the jurisdiction of the United States District Court for the Southern District of New York to adjudicate CBS's claims. Eaton denies the remaining allegations contained in paragraph 55.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the claims brought against it by Plaintiff CBS Corporation, Eaton states as follows:

1. CBS's claims are barred by its failure to fully perform its own obligations under the contract.

2. CBS's claims are barred by the applicable statutes of limitation.

3. CBS's claims are barred by the doctrine of equitable estoppel.

4. CBS's claims are barred by the doctrines of laches and waiver.

WHEREFORE, defendant Eaton Corporation respectfully prays that this Court:

    a. Dismiss the Complaint filed by CBS Corporation in its entirety; and

      b.      Grant such other and further relief as the Court deems just.

Dated: January 22, 2008

                              KATSKY KORINS LLP
                              Attorneys for Eaton Corporation


                              By: /s/ Robert A. Abrams
                                Robert A. Abrams
                                605 Third Avenue, 16th Floor
                                New York, New York 10158
                                (212) 716-3237
                                Fax: (212) 953-6899

                                Elizabeth M. Bradshaw
                                Daniel Burstein
                                DEWEY & LEBOEUF LLP
                                Two Prudential Plaza
                                180 North Stetson Avenue, Suite 3700
                                Chicago, IL  60601
                                (312) 794-8000
                                Fax: (312) 729-6550